# Richmond.

## CRAIG-GILES IRON COMPANY v. EPLING.

### November 16, 1922.

1. EJECTMENT—*Title of Plaintiff.*—Where neither party claims title by adverse possession in an action of ejectment it is necessary for the plaintiff in order to recover to establish a good paper title.

2. APPEAL AND ERROR—*Declaratory Judgments—Judgments on the Merits where Demurrer is Overruled—Case at Bar.*—In the instant case complainants brought a single action of ejectment in the United States District Court against a large number of defendants. Counsel agreed that the case should be tried as to four of these defendants by the judge of the district court, who rendered a judgment for these defendants. Without dismissing the action of ejectment, plaintiff then brought the present suit for the purpose of setting up a grant to its predecessor in title as a lost paper, and of having the court of equity decide the whole question between the parties, or, if this could not be done, that it might use the lost grant thus established in the pending ejectment suit. Defendant both demurred to and answered complainants' bill, and the lower court sustained the demurrer and dismissed the bill. On appeal both parties requested that the court should consider the case on the merits. Accordingly, the Supreme Court of Appeals, without expressing any opinion upon the ruling on the demurrer, treated the case as if the demurrer had been overruled, and proceeded to a consideration of the case upon its merits as if no demurrer had been filed, and no question of the jurisdiction of the trial court were involved, feeling warranted in so doing at the request of the parties and in view of Acts 1922, chapter 517, page 902.

3. PUBLIC LANDS—*Grant—Signature of the Governor.*—In the instant case plaintiff could not produce the original patent under which he claimed but introduced the record of the land office in Virginia in which was copied as a record the form of a grant complete in every respect except that it lacked the signature and seal of the Governor.

    *Held:* That under the evidence introduced on both sides, there was no presumption that the original patent had been signed by the Governor, but that the presumption was that it was not so signed, that the patent was void for want of such signature, and that no presumption of a valid grant from the Commonwealth to the plaintiff or to any of his predecessors in title could be indulged.

4. TAXATION—*Tax Sale—Title only that of Parties Assessed.*—A tax deed
vests in the grantee only such title as was vested in the party assessed
with the taxes on account whereof the land was sold. Thus, where
taxes were assessed against a person claiming title to the land under
a patent unsigned by the Governor, the tax deed would pass to the
grantees therein only such title as was vested in such person, and, as
this title was a nullity, the tax deed at best could only serve as color
of title.

Appeal from a decree of the Circuit Court of Craig
county. Decree for defendants. Complainants appeal.

*Affirmed.*

The opinion states the case.

*Vinson & Thompson, Williams & Farrier,* and *Jackson & Henson,* for the appellant.

*D. J. Chapman, Harless & Colhoun, Hall, Wingfield & Apperson,* and *W. B. Snidow,* for the appellees.

BURKS, J., delivered the opinion of the court.

[1] The Craig-Giles Iron Company claimed to be the
owner of upwards of 108,000 acres of land lying in the
counties of Giles and Craig, and in 1918 instituted a
single action of ejectment in the District Court of the
United States for the Western District of Virginia
against more than 100 defendants to recover parcels of
this land, which it claimed was in the occupancy of one
or more of the defendants. Neither party claimed title
by adverse possession, and it was therefore necessary
for the plaintiff to establish a good paper title. In
order to do this, it relied upon a grant from the Commonwealth to George Chambers, dated January 21,
1796, and also upon a tax deed made in 1854, pursuant
to a sale for taxes. Both of these sources of title were
controverted by the defendants. The chief objection

to the grant to Chambers who was the predecessor in title of the plaintiff, was that the grant had never been signed by the Governor of Virginia as is required by law. Counsel on both sides agreed that the case should be tried as to four of the defendants by the judge of the district court, without the intervention of a jury. Accordingly evidence was taken, and the question of title as to those four defendants was submitted to the judge of the district court, and after full argument he rendered a judgment in 1918 in favor of the defendants. A writ of error was awarded to this judgment by the United States Circuit Court of Appeals, and upon a hearing the judgment of the district court was affirmed. *Craig-Giles Iron Co.* v. *Brownlee*, 272 Fed. 74. After this decision by the United States Circuit Court of Appeals, the plaintiff, without dismissing its action of ejectment in the district court, brought the present suit in the Circuit Court of Craig county, avowedly for the purpose of setting up the grant from the Commonwealth as a lost paper, and of having the said court decide the whole question of controversy between the parties, and, if this could not be done, to use the lost grant thus established as evidence for the plaintiff on the trial of the action of ejectment which was still pending in the district court. The bill also prayed for discovery of the said defendants of the character and nature of the title claimed by them, and to have these claims set aside and annulled as clouds on the plaintiff's title, and relied upon the fact of the large number of parties, the avoidance of a multiplicity of suits and of the fuller relief which could be granted in equity, as the grounds of jurisdiction for the said court. The plaintiff made as parties defendants to the suit in the State court all those who were defendants in the action of ejectment in the district court, except the four whose

cases had been decided by the district court.    To this bill the defendants interposed a demurrer and also an answer.    The trial court sustained the demurrer and dismissed the bill.

Counsel for appellant have requested that, if this court be of the opinion that the demurrer should have been overruled, it will go on and consider the case on its merits, because, if the merits of the case are not with the plaintiff, the reversal on the demurrer would be a barren victory.    In this request counsel for the appellees have united, and, in lieu of evidence on the merits, this court has been furnished with copies of the printed record of the case of *Craig-Giles Iron Co*. v. *Brownlee, et als.*, which has been heard and decided by the United States Circuit Court of Appeals and which contains all the pleading and evidence that were before the judge of the United States District Court.

[2] If we affirm the judgment of the trial court on its ruling upon the demurrer, the appellant goes out of court on the questions of law presented.    If we reverse that judgment, but are of the opinion that the case is against the appellant upon the merits, we should be compelled under the request aforesaid to enter a decree against the appellant.    Under these circumstances we have carefully examined and considered both the legal questions arising upon the demurrer, and the rights of the parties arising upon the evidence, and are of opinion that, upon the merits, the case is with the appellees; and as it is always more satisfactory to decide a case upon its merits, than upon questions of procedure, we express no opinion upon the ruling of the trial court on the demurrer, but treating the case as if the demurrer had been overruled, which is the most favorable view for the appellant, proceed to a consideration of the case upon its merits as if no demurrer had been filed, and

no question of the jurisdiction of the trial court were involved; feeling warranted in so doing at the request of the parties and in view of Acts 1922, chapter 517, page 902.

[3, 4] Upon the merits, the case is presented to us on the identical facts that were before Judge McDowell of the United States District Court. The judge of that court is a very able and learned judge, and has had large experience in the trial of cases of this nature. His opinion shows that he has examined both the law and the facts with a great deal of care, and arrived at the conclusion (1) That there is no presumption that the original of the patent of January 21, 1796, to George Chambers was signed, but that the presumption is that it was not signed; (2) That the said patent is void for want of signature; (3) That no presumption of a valid grant from the Commonwealth to the plaintiff or to any of his predecessors in title can be indulged; (4) That inasmuch as the patent of January 21, 1796, was not signed the tax deed under which the plaintiff claims cannot vest in Joseph Chambers' heirs the legal title to the land; that the tax deed vested in the heirs of Joseph Chambers only such title as was vested in the party assessed with the taxes on account whereof the land was sold; and that the parties assessed were the heirs of George Chambers and hence the tax deed would only pass to the grantees therein such title as was vested in George Chambers' heirs, and as this title was a nullity, the tax deed at best could only serve as color of title.

We have examined with care this opinion of Judge McDowell and the evidence upon which it is based, and concur in his conclusions. We would quote his opinion at length, but deem it unnecessary, as the main facts and the law arising thereon are stated in the opinion of

the United States Circuit Court of Appeals affirming the judgment of the district court (*Craig-Giles Iron Co. v. Brownlee*, 272 Fed. 74), which is readily accessible.

For the reasons stated, we are of opinion that the judgment of the Circuit Court of Craig county should be affirmed, and that the appellants be hereafter forever barred as against appellees from asserting the original validity of the grant in the bill mentioned.

*Affirmed.*